IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHIRLEY MURR, an individual and as Personal Representative for the Estate of Jerry L. Murr, | ) ) ) ) | 4:08CV3025 |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | **MEMORANDUM AND ORDER** |
| CASE NEW HOLLAND, INC., | ) ) | |
| Defendant. | ) | |

    Shirley Murr was the second wife and is the widow of Jerry L. Murr. When Jerry died, he was an employee of CNH America, LLC and had company-provided life insurance. Case New Holland, Inc, the defendant, is the plan sponsor of the life insurance program.[1] At the time of Jerry's death, the only written beneficiary designation on file with CNH was a form signed by Jerry naming his son as beneficiary. After Jerry's death, the life insurance benefits were paid to Jerry's son from his first marriage. Shirley asserts that at some point after she married Jerry, Jerry contacted a human relations employee of CNH and instructed the employee to change the primary beneficiary for his life insurance policy to Shirley. She further asserts that shortly before Jerry's death, he contacted the same employee to confirm that the change had been made and was told that Shirley was the beneficiary on the life insurance policy. Shirley has brought suit pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, to recover the amount she asserts she should have been paid under Jerry's life insurance policy. This matter is before the court upon CNH's motion for summary judgment. I will grant the motion.

---

[1] I refer to the two Case New Holland entities collectively as "CNH," as the parties did so in their briefs.

## I. BACKGROUND

Although the motion before me (filing 5) is captioned "Motion to Dismiss" and asserts that it seeks dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), I treat the motion as one for summary judgment. Both parties have introduced evidence outside the pleadings and agree that the motion must be treated as a Rule 56 motion for summary judgment. (Filing 6 (Br. in Supp. of Mot. to Dismiss) at 2; filing 9 (Br. in Opp. to Mot. to Dismiss) at 5.) However, the briefs of the parties do not comply with the local rules applicable to motions for summary judgment. *See* NECivR 56.1 (moving party's failure to submit a statement of material undisputed facts, consisting of short numbered paragraphs with pinpoint citation to the record, is grounds to deny the motion; opposing party's brief must include a concise response to the moving party's statement of facts with any disagreement supported by pinpoint references to the record; and movant's properly referenced facts are deemed admitted unless properly controverted). Though I could deny the motion for noncompliance with the local rules,[2] it is clear from the record that there is no genuine issue of material fact, and Plaintiff's brief explicitly states that "there is no issue to be tried." (Filing 9 at 2.) Although I am not required to do so and ordinarily would not do so, I have done the work for the parties and determined which material facts are undisputed.

I find that the following facts are undisputed.

---

[2]Defendant's brief includes fifteen enumerated statements of fact, but contains another narrative description of additional facts. (Filing 6 at 1-5.) Plaintiff's brief states that she agrees with six of the numbered statements, states that as to the remainder of the statements "there is no issue to be tried," asserts that the complaint "do[es] state a claim upon which relief can be granted" (the standard for a Rule 12(b)(6) motion), and quotes the allegations of the complaint as additional "facts" unsupported by other citation to the record. (Filing 9 at 2-4.)

-2-

     1.     Jerry L. Murr was an employee of CNH America, LLC, and received certain employee benefits, including participation in a life insurance program. (Filing 7-2 (Weidner Aff.) at ¶ 4.)

     2.     The insurance program is administered in accordance with the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. In accordance with ERISA, a Summary Plan Description ("SPD") detailing the program is maintained. (Filing 7-2 (Weidner Aff.) at ¶ 4.)

     3.     Case New Holland, Inc. is the plan sponsor of the CNH America life insurance program. (*Id.* at ¶ 4.)

     4.     At the time of the events in question, life insurance for the CNH program was provided through Aetna Life Insurance Company ("Aetna"). Aetna was the claim administrator. (*Id.* at ¶ 12.)

     5.     For purposes of the motion before me, Defendant concedes that "Plaintiff falls within the category of 'beneficiary' under ERISA and that CNH is a 'fiduciary' as it relates to the allegations at issue." (Filing 6 (D.'s Br. in Supp.) at 5.)[3]

     6.     Jerry died on August 7, 2004. (Filing 1 (Complaint) at ¶ XI; Filing 6 (D.'s Br. in Supp. at CM/ECF p. 3, ¶ 9.)

     7.     On December 22, 1992, Jerry Murr completed a form titled "Employee Beneficiary Designation." The form required the employee's signature, and Jerry

---

[3]Shirley sues on her own behalf and as the personal representative of the estate of Jerry. For purposes of resolving the motion before me, I assume that Shirley has standing to sue in her individual capacity and that ERISA provides a remedy for Shirley in her individual capacity. Aside from CNH's concession that "Plaintiff" is a beneficiary, the parties did not address the question of Shirley's individual standing.

signed it. The form designated Jerry's son as beneficiary under all CNH employee benefits plans, including the life insurance plan. (Filing 7-5 (Employee Beneficiary Designation).)[4]

8. Immediately above Jerry's signature, the 1992 "Employee Beneficiary Designation" form provides that "[t]he above designations cancel and supersede any and all previous beneficiary designations I have made with respect to all of these plans and programs *and will remain in effect unless I change them by written designation.*" (*Id.* (emphasis added).)

9. After Jerry's death, Aetna determined that Jerry's son was the beneficiary and paid all life insurance benefits to Jerry's son. (Filing 7-2 (Weidner Aff.) at ¶ 12.)

10. Jerry married Shirley on September 18, 1996. (Filing 1 (Complaint) at ¶ 111; Filing 6 (D.'s Br. in Supp.) at CM/ECF p. 2, ¶ 1.)

11. At all times between September 1996 (when Jerry married Shirley) and August 2004 (Jerry's death), the SPD for the CNH life insurance program required that requests for change of beneficiary be made in writing and on a particular form. The SPD in effect from June 1995 through April 2001 states in pertinent part:

> **Designating a Beneficiary**
>
> To name a beneficiary, you must complete the Benefits Program *Beneficiary Designation form* and file it with Human Resources. . . .
>
> You may change your designated beneficiary at any time by completing a new *Beneficiary Designation form* and filing it with Human Resources. The form must be received and recorded by Human Resources before the change of beneficiary will become effective.

---

[4] The SPD in effect in 1992 is not part of the record before me.

(Filing 7-2 (Weidner Aff.) at ¶ 7; Filing 7-3 (SPD in effect between June 1995 and April 2001) at CM/ECF p. 7 (bold print in original SPD, italics added).) The SPD in effect from April 2001 through the date of Jerry Murr's death is substantially similar:

> **NAMING A BENEFICIARY**
>
> Your beneficiary is the person (or persons) you choose to receive death benefits from your Basic and Supplemental Life, AD&D, and Travel Accident Insurance coverages when you enroll. You may name or change your beneficiary at any time. You do this by completing a *Beneficiary Designation form* that allows you to specify how the proceeds from your coverages are distributed in the event of your death.
>
> . . .
>
> Your beneficiary designation is not effective until it is received by your Participating Employer. Contact your local Human Resources representative to obtain *Beneficiary Designation forms* and instructions on where to file the completed forms."

(Filing 7-2 (Weidner Aff.) at ¶ 8; Filing 7-4 (SPD in effect from April 2001 through Jerry Murr's death) at CM/ECF p. 7 (bold print in original SPD, italics added).)

12.   Following Jerry's 1996 marriage to Shirley, Jerry "did return paperwork necessary to add Mrs. Murr [Shirley] as an insured on his company-sponsored *health* insurance plan." (Filing 7-2 (Weidner Aff.) at ¶ 11 (emphasis added).)

13.   The CNH Human Resources Department maintained Jerry's personnel file. The 1992 form designating Jerry's son as beneficiary is the only life insurance beneficiary designation in Jerry's personnel file. (*Id.* at ¶¶ 9, 11.)

14.   Carolyn Weidner is a human resources representative for CNH. From 1985 until 2004, her human resources responsibilities for CNH required her to work

regularly with employee benefits, administration of benefits programs and issues arising thereunder. In her capacity as a human resources representative, Ms. Weidner was familiar with Jerry Murr. She stated that "I do not recall that Mr. Murr ever contacted me to discuss changing his life insurance beneficiary or to confirm Mrs. [Shirley] Murr was his life insurance beneficiary." (<u>Id.</u> at ¶¶ 1, 13.)

15. Carolyn Weidner "ha[s] never allowed an employee or retiree to change a life insurance beneficiary over the phone, nor does the CNH life insurance program permit beneficiaries to be changed in this manner." (<u>Id.</u> at ¶ 14.) In Ms. Weidner's view, "[i]f an employee or retiree had phoned seeking to change a beneficiary, the proper procedure would be to mail the individual a Beneficiary Designation form to be completed and returned to CNH." (<u>Id.</u>)

16. The only evidence Shirley offered in an attempt to create a question of fact is her own short affidavit. (<u>Filing 10-2</u> (Shirley Murr Aff.).) In that affidavit Shirley states that "[f]ollowing our marriage, and some time prior to May 24, 2004,[5] Jerry Murr contacted the Human Relations department at Case New Holland and instructed the Human Resources employee he spoke with to change the primary beneficiary of his Aetna life insurance policy to me, Shirley Murr." (<u>Id.</u> at ¶ 3.) Second, Shirley asserts that:

> After he was diagnosed with terminal renal cell carcinoma, Jerry contacted the Human Resources department at Case New Holland again, to confirm that his insurance policy had been changed to name me, Shirley Murr, as the primary beneficiary. Carolyn Weidner, the Case New Holland Human Resources employee with whom he spoke,

---

[5] There is no indication in the record why this date is significant, other than the obvious fact that it is after Shirley's marriage to Jerry, after the date on which Jerry was allegedly diagnosed with terminal cancer (<u>filing 1</u> (Complaint) at ¶ IX (May 14, 2004 diagnosis) and before Jerry's death.

informed him that the change had been made and that I was the beneficiary of the Aetna life insurance policy.

(*Id.* at ¶ 4.)

## II. DISCUSSION

I understand Plaintiff to assert one claim: a federal claim for equitable estoppel. Plaintiff has done a poor job of specifying her claims. The complaint may have attempted to assert state law claims or a federal breach of fiduciary claim. To the extent that these or any other claims were raised, Plaintiff has abandoned them by failing to brief them. For purposes of this motion, I assume that this equitable estoppel claim is properly before me, either under one of the civil enforcement provisions of 29 U.S.C. § 1132(a) or by application of federal common law.[6] I find that Plaintiff has failed to establish the factual predicate for her claim: misrepresentations by CNH as to Jerry's life insurance beneficiary. Alternatively, even if I assume that the facts alleged by Plaintiff are true, Plaintiff has failed to establish the elements of an equitable estoppel claim. I shall explain.

---

[6] Defendant has thoughtfully analyzed each of the ERISA civil enforcement provisions in 29 U.S.C. § 1132(a). (Filing 6 (D.'s Br. in Supp.) at 9-14.) Defendant concluded that equitable estoppel did not fit within any of these provisions, and that the equitable estoppel claim could be brought only under federal common law, if at all. As it is clear that Plaintiff has failed to establish an equitable estoppel claim, in the interest of judicial economy I do not parse the various subparts of 29 U.S.C. § 1132(a) to determine which civil enforcement provision, if any, authorizes this estoppel claim.

### *No Genuine Issue of Fact*
### *As to Factual Predicate of Claim*

Without analysis of ERISA or the elements of the equitable estoppel claim, it is clear that this claim fails unless there is a genuine issue of fact as to whether Jerry verbally directed a CNH employee to change the life insurance beneficiary designation and whether CNH human relations employee Carolyn Weidner later advised Jerry that the beneficiary change he verbally directed was effective and Shirley was his life insurance beneficiary. CNH has offered uncontroverted evidence that Jerry did *not* telephone Ms. Weidner regarding a change of life insurance beneficiary designation to Shirley, that a CNH employee could *not* change a life insurance beneficiary designation by telephoning CNH human resources, and that the 1992 form designating Jerry's son as beneficiary was the only beneficiary designation on file for Jerry.

Ms. Weidner was a long-time human resources representative for CNH at the time of the events in question and worked with CNH employee benefits, administration of benefits, and issues arising thereunder. In that capacity, she was familiar with Jerry Murr. She stated that "I do not recall that Mr. Murr ever contacted me to discuss changing his life insurance beneficiary or to confirm Mrs. [Shirley] Murr was his life insurance beneficiary." (Filing 7-2 at ¶¶ 1, 13.) Ms. Weidner "ha[s] never allowed an employee or retiree to change a life insurance beneficiary over the phone, nor does the CNH life insurance program permit beneficiaries to be changed in this manner." (*Id.* at ¶ 14.) In Ms. Weidner's view, "[i]f an employee or retiree had phoned seeking to change a beneficiary, the proper procedure would be to mail the individual a Beneficiary Designation Form to be completed and returned to CNH." (*Id.*) The form would then be placed in the employee's personnel file. (*Id.* at 9.) The Employee Beneficiary Designation form Jerry signed in 1992 is the only beneficiary designation form CNH has on file for Jerry. (*Id.* at ¶ 11.)

Ms. Weidner's explanation that if Jerry had called, she would have mailed him the required form rather than acting as the complaint alleges is supported by other documents in the record. The Employee Beneficiary Designation form signed by Jerry in 1992 explicitly states that it may be changed only "by written designation." (Filing 7-5 (Employee Beneficiary Designation).) As I later explain in more detail, the summary plan descriptions in effect after Jerry's marriage to Shirley required that a change in beneficiary be made in writing and on a specified beneficiary designation form.

Rule 56 provides that "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading" and "must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ P. 56(e)(2). An affidavit must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Fed. R. Civ. P. 56(e)(1). "A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor." *Davidson & Assoc. v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

Here, Plaintiff has failed to create a question of fact as to whether Jerry contacted a CNH human resources employee to verbally request that employee to change Jerry's beneficiary, and whether he later telephoned CNH employee Carolyn Weidner and was assured that the verbal direction had been followed and that Plaintiff was the beneficiary. Plaintiff offers only her own affidavit, and does not establish foundation for her statements that Jerry made these two "contacts" (presumably phone calls). She does not indicate that she overheard the phone calls, does not state that Jerry told her he made the calls, does not indicate that she found Jerry's written notes of these calls, or otherwise indicate that she has personal knowledge of the alleged

calls. Her statements are inadmissible in evidence, and thus insufficient to create a triable issue on the factual predicate to her claim.

### *Even If the Facts Are as Plaintiff Asserts, Summary Judgment Is Required on the Merits*

Though Defendant denied Plaintiff's factual assertions (*see, e.g.* filing 6 (D.'s Br. in Supp.) at 5 n.1), Defendant's briefs also assumed that the facts were as Plaintiff alleged and reached the elements of the claim. Defendant's reply brief did *not* assert that Plaintiff's affidavit was insufficient to create a genuine issue of fact and focused solely on the elements of equitable estoppel. (Filing 12.) Accordingly, even though I have found that Plaintiff has failed to create a triable issue on the factual predicate to her claim, I also reach the merits of Plaintiff's claim.

Plaintiff asserts two misrepresentations. She first asserts that Jerry called a CNH human relations employee and verbally instructed that employee to change the primary beneficiary on his life insurance policy to Plaintiff and that Jerry was not advised that he had to submit and sign a form. This is in essence a misrepresentation that the beneficiary could be changed by oral instruction. Second, Plaintiff asserts that Jerry later called CNH human relations employee Carolyn Weidner to confirm that Shirley was his life insurance beneficiary and was assured that the change requested in the first phone call had been made and that Shirley was the beneficiary–a misrepresentation as to the identity of the beneficiary.

To the extent that the Eighth Circuit has been willing to apply equitable estoppel in an ERISA claim, it can be applied only if "'the terms of the plan are ambiguous and the communications constitute an interpretation of that ambiguity.'" *Wilson v. Prudential Ins. Co. of America*, 97 F.3d 1010, 1014 n.2 (8th Cir. 1996) (assuming without deciding that equitable estoppel claim could be brought in ERISA case but declining to reach it because plan provision at issue was not ambiguous) (quoting *Slice v. Sons of Norway*, 34 F.3d 630, 634 (8th Cir. 1994)). *See also Fink v.*

*Union Cent. Life Ins. Co.*, 94 F.3d 489, 492 (8th Cir. 1996) ("[c]ourts may apply the doctrine of estoppel in ERISA cases only to interpret ambiguous plan terms").

The plan terms regarding change of life insurance beneficiary are clear and unambiguous. The alleged misrepresentations regarding Shirley as beneficiary of Jerry's life insurance policy were made after Jerry married Shirley in 1996 and before his death in 2004. Two different summary plan descriptions were in effect during this period, one from 1995 to 2001 and another from 2001 through the date of Jerry's death. Each summary plan description requires that the employee complete a specified form and file it with the CNH human resources department.[7]

The 1995-2001 SPD provides as follows:

**Designating a Beneficiary**

To name a beneficiary, you must *complete the Benefits Program Beneficiary Designation form and file it with Human Resources. . . .*

You may change your designated beneficiary at any time *by completing a new Beneficiary Designation form and filing it with Human Resources*. The form must be received and recorded by Human Resources before the change of beneficiary will become effective.

(Filing 7-2 (Weidner Aff.) at ¶ 7; Filing 7-3 (SPD in effect between June 1995 and April 2001) at CM/ECF p. 7 (bold print in original SPD, italics added).)

The SPD in effect from April 2001 through the date of Jerry Murr's death also requires a beneficiary change to be made in writing. It provides as follows:

---

[7] The 1992 Beneficiary Designation form is the only form in the record. The Beneficiary Designation form referenced in the two summary plan descriptions is not part of the record. Nevertheless, it is clear that a specific form is required.

-11-

**NAMING A BENEFICIARY**

Your beneficiary is the person (or persons) you choose to receive death benefits from your Basic and Supplemental Life, AD&D, and Travel Accident Insurance coverages when you enroll. You may name or change your beneficiary at any time. You do this by *completing a Beneficiary Designation form* that allows you to specify how the proceeds from your coverages are distributed in the event of your death.

. . .

Your *beneficiary designation is not effective until it is received* by your Participating Employer. Contact your local Human Resources representative *to obtain Beneficiary Designation forms* and *instructions on where to file the completed forms*."

(Filing 7-2 (Weidner Aff.) at ¶ 8; Filing 7-4 (SPD in effect from April 2001 through Jerry Murr's death) at CM/ECF p. 7 (bold print in original SPD, italics added).)

It is clear from these two summary plan descriptions that the only way to change a beneficiary designation is to obtain a *specific "Beneficiary Designation form"* from CNH Human Resources, to complete that form, and to *file* that form with Human Resources. Plaintiff asserts that nothing specifies that the employee seeking to change the beneficiary must be the one to "complete" the form, and that verbal direction to a Human Resources representative counts as "completing" the form. This is ludicrous. The 1995-2001 summary plan description clearly states that the employee seeking to change beneficiaries must obtain the required form *from* Human Resources, and must get instructions on how to *file* the form. The summary plan description in effect from April 2001 through the date of Jerry's death contains similar language, and clearly states that the beneficiary designation "is not effective until it is received by your . . . [e]mployer." This language clearly requires a particular form: the "Beneficiary Designation" form. It also presumes that the employer does not

-12-

complete the form–since there is language clarifying that the designation is not effective until the employer *"receives"* the form.

Very similar language was found unambiguous in *Woosley v. Metropolitan Life Ins. Co.*, 2007 WL 628187, No. 06-1092, (D. Kan. Feb 26, 2007). In *Woosley*, the life insurance plan at issue specified that the beneficiary is chosen "in writing on a form approved by us" and that the beneficiary could be changed "by filing a new form with your Employer . . . ." The employee attempted to change his beneficiary designation by mailing a letter to the employer. The insurance benefits were paid to the beneficiaries listed on the company-approved form on file with the claims administrator. The beneficiaries named in the letter sued to recover the insurance benefits. The theory of recovery is not specified, but summary judgment was entered for the insurance company, as the court explicitly found that the terms of the plan regarding the method for changing beneficiaries were not ambiguous. The handwritten letter did not conform to the plan because it was not on the approved form. *Id.* at *4.

### *No Reasonable Reliance or Extraordinary Circumstances*

Even if I assume that CNH made the alleged misrepresentations, and even if the plan provisions are ambiguous (and I have found they are not), equitable estoppel under ERISA requires reasonable and detrimental reliance on the misrepresentation and extraordinary circumstances. *See, e.g., Mello v. Sara Lee Corp.*, 431 F.3d 440, 444 (5th Cir. 2005); *Brandt v. Principal Life & Disability Ins.*, 50 Fed. Appx. 330, 332 (8th Cir. 2002) (citing *Curcio v. John Hancock Mutual Life Ins. Co.*, 33 F.3d 226, 235-38 (3d Cir. 1994)). Neither reasonable reliance nor extraordinary circumstances are present here.

Jerry could not reasonably rely on the advice of a CNH Human Resources employee to the effect that a life insurance beneficiary could be changed by verbal

request to a Human Resources employee, without a document signed by Jerry. It is undisputed that Jerry signed a "Employee Beneficiary Designation" form in 1992. That form clearly specifies that it may be modified only by "written designation." (Filing 7-5 (Employee Beneficiary Designation).) Though the form does not state that the "written designation" must be signed by the employee, it is clearly implied.

Extraordinary circumstances are determined on a case by case basis. *Curcio*, 33 F.3d at 237. The case before me does not demonstrate the necessary extraordinary circumstances. *Compare Curcio*, 33 F.3d at 237-38 (extraordinary circumstances were present for purposes of ERISA equitable estoppel when employer made misrepresentations *continuously and over a period of years* that employee had insurance coverage) *with Gridley v. Cleveland Pneumatic Co.*, 924 F.2d 1310, 1319 (3d Cir. 1981) (no extraordinary circumstances when totally disabled and hospitalized employee increased his life insurance coverage under a plan that required active, full time status for an increase and employer denied coverage even though employer had deducted additional amounts from salary to cover increased insurance).

### III.

Plaintiff has failed to establish a triable issue on the factual predicate to her case: whether Jerry telephoned Defendant to request that she be designated his life insurance beneficiary rather than his son (with the implied misrepresentation that a beneficiary change could be accomplished by a phone call alone) and whether Jerry later telephoned Defendant and was assured that Plaintiff was his life insurance beneficiary. For this reason alone, summary judgment for Defendant is required.

Even if I assume that the two misrepresentations occurred as alleged, summary judgment is required on the merits of the equitable estoppel claim. There is no ambiguity in the CNH life insurance plan provisions permitting a change of beneficiary only when a specified written form signed by the employee is submitted to CNH. Even if the provisions were ambiguous, Jerry's reliance on the

misrepresentations was not reasonable because Jerry had earlier filed an official beneficiary designation form which required his signature and provided that it could be modified only by another written designation. Finally, there are no extraordinary circumstances.

For the foregoing reasons,

IT IS ORDERED:

1. Treating the motion in <u>filing 5</u> as a motion for summary judgment, the motion is granted; and

2. Judgment dismissing this action will be entered by separate order.

June 26, 2008. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge